IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SAMUEL NOAH KEONI LEVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 24-cv-00024-DKW-KJM<br><br>**ORDER DENYING MOTION FOR EMERGENCY INJUNCTION** |

On January 17, 2024, Plaintiff Samuel Noah Keoni Levitz (Plaintiff or Levitz), proceeding without counsel, filed a Complaint against Defendant PNC Bank National Association (Defendant or PNC) concerning, among other things, an "attempted foreclosure" of real property Levitz allegedly "acquired" in Haleiwa, Oahu (the Property). Dkt. No. 1. Within the Complaint, Levitz also moved for an "emergency injunction" (motion for injunction), seeking to enjoin PNC from "destroying evidence" and disposing of the Property. The Court addresses the motion for injunction herein.

In doing so, the Court liberally construes the pro se Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

266, 268 (9th Cir. 1982).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, just three paragraphs of the Complaint are dedicated to the Plaintiff's request for emergency injunctive relief.   The first two simply state what it is Plaintiff seeks to have enjoined.   Compl. at ¶¶ 23-24, Dkt. No. 1.   The last states only that "immediate action is necessary" because a "credible threat" exists that Defendant will engage in conduct that "would irreparably harm" Plaintiff.   *Id*. at ¶ 25.   Even putting aside the conclusory nature of the assertions in the last paragraph, however, Plaintiff provides no basis for this Court to find that he is likely to succeed on the merits of any of his claims, he is likely to suffer any identified irreparable injury, the balance of the equities tip in his favor, or an injunction is in the public interest.   *See Winter*, 555 U.S. at 20.   Moreover, to the extent Plaintiff's request for "an emergency injunction" can be construed as a request for a temporary restraining order or injunctive relief without notice to Defendant, Plaintiff further fails, in compliance with Federal Rule of Civil

Procedure 65(b)(1), to provide specific facts in an affidavit or verified complaint "clearly showing" that immediate and irreparable injury will result before Defendant can be heard, or certify in writing any efforts made to give notice to Defendant and the reasons why it should not be required.  *See* Fed.R.Civ.P. 65(b)(1).  Therefore, on the face of the Complaint, there is no basis to further consider the motion for injunction under applicable legal standards.  The motion for injunction, Dkt. No. 2, is therefore DENIED.

    IT IS SO ORDERED.

    Dated: January 23, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

**Samuel Levitz v. PNC Bank National Association; Civil No. 24-00024 DKW-KJM; ORDER DENYING MOTION FOR EMERGENCY INJUNCTION**

3