IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SAMUEL NOAH KEONI LEVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 24-cv-00024-DKW-KJM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On January 17, 2024, Plaintiff Samuel Noah Keoni Levitz (Plaintiff or Levitz), proceeding without counsel, filed a Complaint against Defendant PNC Bank National Association (Defendant or PNC) concerning, among other things, an "attempted foreclosure" of real property Levitz allegedly "acquired" in Haleiwa, Oahu (the Property). Dkt. No. 1. Within the Complaint, Levitz also moved for an "emergency injunction" (motion for injunction), seeking to enjoin PNC from "destroying evidence" and disposing of the Property.

On January, 23, 2024, the Court denied the motion for injunction because Levitz failed to mention, let alone address, any of the factors relevant to considering a request for immediate injunctive relief. Dkt. No. 10. On February 2, 2024, Levitz filed both an amended complaint, Dkt. No. 11, and a motion for reconsideration of the January 23, 2024 Order, Dkt. No. 12.

The Court addresses the motion for reconsideration herein. In doing so, the Court liberally construes the pro se motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Pursuant to Local Rule 60.1, a motion for reconsideration of an interlocutory order, *i.e.*, a non-dispositive order, such as the January 23, 2024 Order, may be brought only upon the following three grounds: (1) discovery of new material facts not previously available; (2) an intervening change in the law; or (3) manifest error of law or fact.

Here, none of those grounds exist or are even mentioned in the motion for reconsideration. Rather, as Levitz acknowledges, his original request for injunctive relief contained "deficiencies" that required "correction…." Dkt. No. 12 at 1-2. In other words, any error(s) were of Levitz's own making in his motion for injunction, not in the Court's January 23, 2024 Order.

Further, even if the Court were to accept the premise that the motion for reconsideration (and the amended complaint) "correct[]" errors made in the motion for injunction, the docket reflects that Plaintiff has yet to even file a *proposed* summons in this case, let alone *serve* Defendant. Therefore, the motion for

reconsideration (like the motion for injunction) is *ex parte*, *i.e.*, without notice to Defendant.  As such, it must comply with Local Rule 7.10 and, given that injunctive relief is sought, Federal Rule of Civil Procedure 65(b)(1).  The motion for reconsideration (like the motion for injunction), though, fails with respect to both rules because, among other things, Plaintiff has not filed a declaration or certified in writing why notice should not be required, nor has he described any efforts made to give notice.  *See* Fed.R.Civ.P. 65(b)(1); Local Civil Rule 7.10.[1]

The motion for reconsideration, Dkt. No. 12, is therefore DENIED.

IT IS SO ORDERED.

Dated: February 7, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Samuel Noah Keoni Levitz vs. PNC Bank National Association*; Civil No. 24-00024 DKW-KJM; **ORDER DENYING MOTION FOR RECONSIDERATION**

---

[1] A copy of the Court's Local Rules is available on the Court's website at https://www.hid.uscourts.gov/rules/local-rules.

3