IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SAMUEL NOAH KEONI LEVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 24-cv-00024-DKW-KJM<br><br>**ORDER DENYING SECOND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

On January 23, 2024, the Court denied Plaintiff Samuel Noah Keoni Levitz's (Plaintiff or Levitz) as-construed motion for "emergency injunction", finding, among other things, that Levitz had provided no basis to determine that he was likely to succeed on the merits of any of his claims, he was likely to suffer any identified irreparable injury, the balance of the equities tipped in his favor, or an injunction was in the public interest.  Dkt. No. 10.  The Court further explained that, because Levitz was moving without any notice to Defendant PNC Bank National Association (Defendant or PNC), he was required to comply with Federal Rule of Civil Procedure 65(b)(1)—something which he had failed to do.  Roughly two weeks later, the Court also denied Levitz's motion for reconsideration of the January 23, 2024 Order, finding that he had provided no ground for reconsideration.  Dkt. No. 13.

Nearly four months later, on May 22, 2024, Levitz, proceeding without counsel, moves again for a temporary restraining order (second ex parte motion), seeking to once more stop the foreclosure sale of real property in Haleʻiwa, Hawaiʻi, which he asserts is scheduled for May 23, 2024, *i.e.*, tomorrow. Dkt. No. 20.[1] On this occasion, while Levitz addresses the legal standard relevant to injunctive relief, he does so largely in a conclusory nature. He also fails again to comply with Rule 65(b)(1) by not relying on facts in an affidavit or verified complaint and by not certifying in writing efforts made to give notice to Defendant.

The second ex parte motion, Dkt. No. 20, is therefore DENIED. Specifically, the second ex parte motion fails to comply with Rule 65(b)(1). Further, even if the Court were willing to consider that the second ex parte motion complied with the procedural requirements of Rule 65(b)(1) in the sense of being certified, verified, and/or based on an affidavit, Levitz provides no meaningful explanation for why he is entitled to relief without notice to Defendant. Instead, Levitz simply asserts that he will suffer irreparable harm if the foreclosure sale occurs and Defendant has been "misleading…."[2] That, however, has nothing to

---

[1] Apparently, the foreclosure of the same property that Levitz represented was about to occur in January 2024 when his first ex parte motion was filed did not, in fact, occur.

[2] With regard to Levitz's irreparable harm, he also fails to explain why he waited until *one day*

do with what efforts Levitz has undertaken to give notice or why notice to Defendant is not required. *See* Fed.R.Civ.P. 65(b)(1)(B). This is particularly problematic where Levitz has failed to serve even the summons and complaint on Defendant in violation of Rule 4(m), despite this case being initiated over four months ago, and where the Court has previously counseled Levitz regarding proceeding ex parte. *See* Dkt. No. 18 (denying Levitz's motion for default for failure to properly serve the summons and complaint).

Therefore, so it is clear, the Court will not consider any further request for any form of injunctive relief until Levitz files (1) proof of service of the summons and complaint, or Defendant's waiver of service of process—a copy of which was provided to Levitz more than four months ago, *see* Dkt. No. 7; <u>and</u> (2) proof of service of any request for injunctive relief or an explanation of why service has not occurred.

IT IS SO ORDERED.

Dated: May 22, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

before the alleged sale of the property in Hale'iwa before moving again for injunctive relief.

3